IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD BARKHORN,                               *

    Plaintiff,                                 *

v.                                             *     Civil Action No. GLR-20-851

INTERNATIONAL LONGSHOREMEN'S *
ASSOCIATION, LOCAL NO. 333,
                                               *
    Defendant.

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant International Longshoremen's Association, Local No. 333's ("ILA 333") Motion to Dismiss Complaint (ECF No. 9). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant ILA 333's Motion.

## I.   BACKGROUND[1]

Plaintiff Ronald Barkhorn is an employee of Ports America, which in turn is a member of the Steamship Trade Association ("STA"). (Compl. ¶¶ 6, 11–13, ECF No. 1). Barkhorn is also a long-time member of ILA 333, which routinely negotiates with STA to establish terms of employment governing its member employers. (Id. ¶¶ 6, 8). Barkhorn works as a member of a work team known as a "gang," and has been a member of different gangs throughout his career. (Id. ¶¶ 6, 16). Most recently, Barkhorn belonged to the Jackson

---

[1] Unless otherwise noted, the Court takes the following facts from Barkhorn's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

Gang. (Id. ¶ 6). While most workers on the gangs are gang members, STA and its member employers periodically assign non-gang members or temporary workers to work as part of a gang. (Id. ¶ 17).

Since at least 1996, a collective bargaining agreement ("CBA") has existed between ILA 333 and STA that allows STA to penalize an entire gang if one person on the gang is injured. (Def.'s Mem. Supp. Mot. Dismiss at 6 ["Def.'s Mem."], ECF No. 9-1; Compl. ¶ 18); see also Sewell v. Int'l Longshoremen's Ass'n, Local 333, No. SKG-12-00044, 2013 WL 1316098 (D.Md. Mar. 27, 2013). This provision has remained in various CBAs that ILA 333 has negotiated with STA over the years, including the operative CBA for the purposes of the Complaint. (Compl. ¶¶ 18, 21–22).

On October 2, 2019, Jackson Gang was laid off after one worker on the gang was injured. (Id. ¶ 35). Since that time, according to Barkhorn, Jackson Gang has not received any full-time work and is only called to work at the port on "overflow" days. (Id. ¶¶ 34, 39). Barkhorn claims that this layoff was a disciplinary action to punish the entire gang for the injury of one worker, and that he has suffered financial hardship as a result. (Id. ¶¶ 37, 42, 45, 49 & Ex. 7, ECF No. 1-7).

Proceeding pro se, Barkhorn filed a Complaint against ILA 333 on March 31, 2020. The three-count Complaint alleges: breach of duty of fair representation (Count I); violation of the Harvey Decree[2] (Count II); and breach of contract (Count III). (Id. ¶¶ 46–

_____

[2] The "Harvey Decree" refers to an Order issued by Judge Alexander Harvey II of this Court in United States v. Int'l Longshoremen's Ass'n, 319 F.Supp. 737 (D.Md. 1970). The Decree required ILA affiliates at the Port of Baltimore to implement a seniority system aimed at reducing racial discrimination within the locals.

58). Barkhorn seeks preliminary and injunctive relief, damages, attorneys' fees, and costs. (Id. at 19).

On August 25, 2020, ILA 333 filed a Motion to Dismiss. (ECF No. 9). Barkhorn filed an Opposition to the Motion on September 25, 2020. (ECF No. 13). ILA 333 filed a Reply on October 1, 2020. (ECF No. 16).

## II.   DISCUSSION

### A.   **Standard of Review**

#### 1.   **Subject-Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the U.S. Constitution. Fed.R.Civ.P. 12(b)(1). To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." AES Sparrows Point LNG, LLC v. Smith, 470 F.Supp.2d 586, 592 (D.Md. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, when a party challenges subject-matter jurisdiction, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of

the complaint [are] not true.'" <u>Hasley v. Ward Mfg., LLC</u>, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." <u>Kerns</u>, 585 F.3d at 192 (quoting <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. <u>U.S. ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Richmond, Fredericksburg & Potomac R. Co.</u>, 945 F.2d at 768 (citing <u>Adams</u>, 697 F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." <u>Id.</u> (citing <u>Trentacosta v. Frontier Pac. Aircraft Indus., Inc.</u>, 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." <u>Id.</u> (citing <u>Trentacosta</u>, 813 F.2d at 1558). Unlike under the summary judgment standard, however,

the Court is permitted to decide disputed issues of fact, <u>Kerns</u>, 585 F.3d at 192, and weigh the evidence, <u>Adams</u>, 697 F.2d at 1219.

The Court may determine on its own initiative that it lacks subject-matter jurisdiction, regardless of whether a party to the case has raised this claim. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506 (2006); <u>see also</u> Fed.R.Civ.P. 12(h)(3). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." <u>Id.</u> (quoting <u>Kontrick v. Ryan</u>, 540 U.S. 443, 455 (2004)). The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." <u>Id.</u> at 502, 514. When the Court establishes that it does not have subject-matter jurisdiction, it "must dismiss the complaint in its entirety." <u>Id.</u>

### 2.     Rule 12(b)(6)

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016) (quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 846–47 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**B.** **Analysis**

      **1.** **Jurisdiction**

          **i.** **A liberal reading of the Complaint grants the Court jurisdiction under Section 301 of the Labor-Management Relations Act.**

ILA 333 asserts that the Court lacks subject-matter jurisdiction, (Def.'s Mot. Dismiss Compl. ["Def.'s Mot."] at 1, ECF No. 9), but does not appear to make either a facial challenge or a factual challenge, (see generally Def.'s Mem. at 4–12). The Court will nevertheless evaluate whether it has jurisdiction sua sponte. See Fed.R.Civ.P. 12(h)(3).

Because Barkhorn is proceeding <u>pro se</u>, the Court liberally construes his pleadings. <u>See</u> <u>Erickson</u>, 551 U.S. at 94. Although Barkhorn mentions two federal statutes in the introductory paragraph of his Complaint, (<u>see</u> Compl. at 1), none of his individual claims references a federal statute or otherwise explains how the claims relate to federal law, (<u>see</u> <u>id.</u> ¶¶ 46–58). From the face of the Complaint, then, it appears that no federal question exists.

In his Opposition, Barkhorn asserts for the first time that breach of contract suits between a union member and their union, such as the one asserted in Count III of his Complaint, may proceed under Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Section 301"). (<u>See</u> Resp. ILA 333 Mot. Dismiss ["Opp'n"] at 7, ECF No. 13).[3] Barkhorn thus argues that his claim for breach of contract is properly premised on Section 301. (<u>Id.</u>).[4]

Case law in this circuit supports a finding that a union's bylaws and constitution constitute a contract between a union and its members. <u>See</u> <u>Int'l Longshoremen's Ass'n,</u> <u>Local 333 v. Int'l Longshoremen's Ass'n, AFL-CIO</u>, 687 F.App'x 315, 325–26 (4th Cir.

---

[3] Courts generally will not permit plaintiffs to revise their pleadings through their briefs. <u>See</u> <u>Zachair, Ltd. v. Driggs</u>, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) ("[Plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), <u>aff'd</u>, 141 F.3d 1162 (4th Cir. 1998). Given Barkhorn's reference to Section 301 in the Complaint and his <u>pro se</u> status, however, the Court will evaluate his claim under the statute.

[4] Barkhorn makes no mention in his Opposition of 29 U.S.C. § 159(a), a statutory provision also referenced in the introductory paragraph of his Complaint but otherwise absent from his pleadings. Lacking any guidance as to the factual allegations on which Barkhorn intends to premise his 29 U.S.C. § 159 claim, the Court finds that he has failed to state a claim for which relief may be granted under the statute.

2017). Cases in this circuit also support a union member's ability to advance a claim under Section 301 against their union for breach of its constitution or bylaws. See Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 99–101 (1991); Int'l Longshoremen's Ass'n, Local 333, 687 F.App'x at 325–26; Int'l Union, United Mine Workers of Am. v. Covenant Coal Corp., 977 F.2d 895, 898 (4th Cir. 1992); Prevas v. Hopkins, 905 F.Supp. 271, 274 (D.Md. 1995). Accordingly, based on a liberal construction of the Complaint, the Court finds that Barkhorn has alleged a violation of federal law and will not dismiss the Complaint on jurisdictional grounds.

   **ii.**   **Barkhorn lacks standing to assert a claim under the Harvey Decree.**

   Barkhorn claims that ILA 333's actions violate the Harvey Decree. (Compl. ¶¶ 52–56). As described above, the Harvey Decree refers to an Order issued by Judge Alexander Harvey II of this Court in United States v. Int'l Longshoremen's Ass'n, 319 F.Supp. 737 (D.Md. 1970). The Decree required ILA affiliates at the Port of Baltimore to implement a seniority system aimed at reducing racial discrimination within the locals.

   Because Barkhorn was not a party to the consent decree, he lacks standing to pursue this claim. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) ("[A] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it."). Even if Barkhorn were an intended beneficiary of the consent decree, he still cannot sue to seek its enforcement because "[o]nly the government can seek enforcement of its consent decrees." Barkhorn v. Int'l Longshoremen's Ass'n, No. WMN-15-572, 2016 WL 97827, at *6 (D.Md. Jan. 8,

2016). Because Barkhorn lacks standing to bring a claim alleging that ILA 333 has violated the Harvey Decree, this Court lacks subject-matter jurisdiction over the claim. See Kravitz v. U.S. Dep't of Commerce, 336 F.Supp.3d 545, 555 (D.Md. 2018) ("A challenge to a plaintiff's standing is, in effect, a challenge to the Court's subject-matter jurisdiction.") (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 475–76 (1982)). Accordingly, the Court will dismiss Count II.

### 2. Timeliness

ILA 333 argues that Barkhorn's breach of contract and breach of the duty of fair representation claims are barred by the six-month statute of limitations established in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). In DelCostello, the Supreme Court determined that the statute of limitations provided under § 10(b) of the National Labor Relations Act, which permits employees six months to file charges of unfair labor practices with the National Labor Relations Board, should serve as the relevant statute of limitations for claims of breach of the duty of fair representation brought by an employee against his union. Id. at 169–70. The Court reasoned that "breaches of a union's duty of fair representation are in fact unfair labor practices." Id. at 170 (citation omitted). For similar reasons, Section 301 claims are governed by the same six-month statute of limitations. See Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1265 n.3 (4th Cir. 1989) ("[Section] 301 actions are subject to the six month statute of limitations found in § 10(b) of the National Labor Relations Act.") (citing DelCostello, 462 U.S. at 169); Verbal v. Giant of Md., LLC, 204 F.Supp.3d 837, 844–45

(D.Md. 2016) (finding that where state law claims were preempted by § 301, a six-month statute of limitations applies).

As Barkhorn alleges, ILA 333's entry into the CBA in October 2018 is the action that gives rise to his claims for breach of contract, construed as a claim under Section 301, and for breach of the duty of fair representation. (See Compl. ¶¶ 47, 49, 58). The statute of limitations for those claims therefore would have expired in April 2019, nearly a year before Barkhorn filed his Complaint.[5] Accordingly, Counts I and III of the Complaint are untimely and must be dismissed.

## III.    CONCLUSION

For the foregoing reasons, the Court will grant ILA 333's Motion to Dismiss Complaint (ECF No. 9). A separate Order follows.

Entered this 17th day of February, 2021.

_____
/s/
George L. Russell, III
United States District Judge

---

[5] "[A] motion to dismiss ordinarily should not be granted by a trial court based on the assertion that the cause of action is barred by the statute of limitations unless it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run." Green v. Pro Football, Inc., 31 F.Supp.3d 714, 721–22 (D.Md. 2014) (quoting Litz v. Md. Dep't of Env't, 76 A.3d 1076, 1086 (Md. 2013)). Here, because Barkhorn clearly alleges that ILA 333's actions took place more than six months before the filing of his Complaint, there is no dispute that Barkhorn's action is untimely. Moreover, because Barkhorn fails to substantively respond to ILA 333's timeliness argument in his Opposition, his claims are subject to dismissal. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim.").